IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 06-cv-01511-LTB-CBS

UNITED STATES OF AMERICA,
    Plaintiff,
v.

ANDREW KAMINSKI,
PATSY KAMINSKI,
COLORADO DEPARTMENT OF REVENUE,
GE CAPITAL MORTGAGE SERVICES, INC.,
WELLS FARGO HOME MORTGAGE, and
HAROLD E. KIRKEGAARD,
    Defendants.

## RECOMMENDATIONS and ORDER ON PENDING MOTIONS

Magistrate Judge Craig B. Shaffer

    THIS MATTER comes before the court on *pro se* Defendants Andrew and Patsy Kaminski's [hereinafter, the "Moving Defendants"] "Motion for Summary Judgment Re Application of Statutory Authority" (doc. # 38), filed on July 16, 2008, and their "Motion for Proof of Jurisdiction & Suspension of Further Proceedings" (doc. # 43), filed on July 28, 2008. The motions were referred to this Magistrate Judge for recommendations on July 18, 2008 (doc. # 42) and July 29, 2008 (doc. # 45), respectively. The United States filed a "Response to Motion for Summary Judgment" (doc. # 46) on August 1, 2008, and the Kaminskis filed a "Notice – United States' response to Docket #38 Frivolous" (doc. # 48) on August 12, 2008. On August 12, 2008, the United States filed its "Response to Motion for Proof of Jurisdiction and Suspension of Further Proceedings (doc. # 47). The Kaminskis' deadline for filing a reply in support of their "Motion for Proof of Jurisdiction & Suspension of Further Proceedings" expired

1

on August 26, 2008, without any filing. *See* D.C.COLO.LCivR 7.1C. The court has carefully considered the pending motions, the related briefing, and the applicable case law, and has taken judicial notice of the entire case file. For the following reasons, I recommend that the district court deny the Moving Defendants' dispositive motions. This court will deny the Kaminskis' non-dispositive request to suspend further proceedings in this case.

**FACTUAL BACKGROUND**

The United States initiated this action on August 2, 2006 by filing a Complaint that seeks to reduce to judgment federal tax assessments that have been levied against Andrew and Patsy Kaminski, and to foreclose against Andrew Kaminski federal tax liens on certain real property located in Arapahoe County, Colorado. The Complaint asserts that the district court has subject matter jurisdiction over this action pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1345. The First Claim for Relief alleges that as of August 1, 2006, Andrew Kaminski owes the United States $356,410.38, plus interest, penalties and statutory additions, based upon unpaid assessed balances for tax years 1990-1999. The Second Claim for Relief seeks to foreclose on Mr. Kaminski's interest on real property located at 16570 East LaSalle Place, Aurora, Colorado, based on Notices of Federal Tax Lien filed against Andrew Kaminski with the Clerk and Recorder of Arapahoe County, Colorado.

On August 30, 2006, Mr. Kaminski filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (doc. # 2)[1] and an accompanying Affidavit Declaring "Nontaxpayer" Status (doc. # 2-

---

[1] In his Motion to Dismiss, Mr. Kaminski presented 28 "questions" and asked that the district court order the "claimants to answer," with the proviso that "any of the following questions will be deemed to be answered 'YES' by the claimants where not answered 'NO' and substantiated with proof to the contrary." *See* Defendant Andrew Kaminski's Motion to Dismiss, at 10-22. The United States did not comply with this directive. Viewed in the most

2

2). Mrs. Kaminski filed her own Motion to Dismiss (doc. # 3) on August 30, 2006 which incorporated by reference the arguments made by her husband.[2] Although characterized as a "jurisdictional" challenge, the Kaminskis' motions and Mr. Kaminski's Affidavit essentially argued that the Internal Revenue Code and the Internal Revenue Service's enforcement powers do not apply to them or their property. The Moving Defendants' rambling analysis is encapsulated in Mr. Kaminski's "firm belief"

> that the internal revenue laws enacted by Congress that have been codified into IRC subtitle A statutes – the enforcement of which is provided in IRC subtitle F statutes – are special laws that apply to the recaption [sic] of property possessed by the U.S. Government transferred into the possession of men and women who work within an agency or instrumentality of the U.S. Government . . . .

*See* Andrew Kaminski's Motion to Dismiss, at 5. The Kaminskis contend that because they are not federal employees, the Internal Revenue Code has no legal effect upon them or any interest in property they own.

In their October 4, 2006 reply brief, which they captioned "Exception Taken to Opposition by Plaintiff to Kaminski's Motions to Dismiss & Judgment on the Pleadings as to Limits to Lawful Enforcement of IRC Statutes" (doc. # 5), Mr. and Mrs. Kaminski acknowledged that their "jurisdictional challenge is not to the authority of the court, but the authority of the Internal Revenue Service (IRS) to apply the Internal Revenue Code (IRC or 26

---

favorable light, Mr. Kaminski's questions might be characterized as contention interrogatories, which are more properly raised under Fed.R.Civ.P. 33, not Fed.R.Civ.P. 12(b)(6). However, many of Mr. Kaminski's "interrogatories" sought purely legal conclusions that exceed the proper scope of Rule 33. *Cf. Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000) ("interrogatories may not extend to issues of 'pure law,' i.e., legal issues unrelated to the facts of the case").

[2] For purposes of this Recommendation and Order, I will treat the Moving Defendants' August 30, 2006 submissions as a single motion to dismiss.

U.S.C.) Statutes to us or the exclusive interest we have in our property." *See* Exception Taken to Opposition by Plaintiff, at 2.  More specifically, the Kaminskis explained that

> at no time have we questioned the authority (jurisdiction) of a federal district court to enforce federal tax liens, or claimed that the IRC subtitle A statutes are unconstitutional.  The evidence in our affidavits prove that a federal tax lien as to gross income that is includible in IRC subtitle A statutes lawfully and legally applies only to "the person liable" to make a return of the U.S. Government's property transferred into their possession in a contract of bailment – less the sums they can retain based upon deductions and exemptions provided by law that reduces the sum the employee of the U.S. Government is liable to return.

*Id.* at 3.  In short, the Moving Defendants argued that Subtitles A and F of the Internal Revenue Code cannot be lawfully applied to "income from our labor, and thereby to our homestead." *Id.* at 7.

On December 20, 2006, Judge Babcock issued an Order (doc. # 14) denying the Moving Defendants' motion to dismiss.  I quote from the district court's succinct and unequivocal Order:

> . . . The Kaminskis move to dismiss on the ground that the Internal Revenue Service ("IRS") lacks authority to lay and collect the income taxes in question.
>
> In the motion, prolix and somewhat opaque, the argument nevertheless emerges that the Constitution requires apportionment of income taxes and that Congress failed to follow that mandate.  This issue was resolved some time ago by the Sixteenth Amendment, ratified February 3, 1912.
>
> The other arguments contained in the motion are similarly without merit.  Accordingly, the motion to dismiss [2, 3] is DENIED.

On April 21, 2008, the Kaminskis filed a "Notice of Default by Plaintiffs & 2nd Motion for Judgment on the Pleadings with Official Rulings as to the Limits to Lawful Enforcement of IRC Statutes and Immediate Dismissal with Prejudice for Failure to State a Claim Upon Which Relief can be Granted" (doc. #19).  The Moving Defendants candidly acknowledged that "this NOTICE & MOTION is precipitated because of the NOTICE OF DEPOSITION OF ANDREW

4

KAMINSKI sent to us on 4/11/08." *See* Notice of Default, at 2. The Kaminskis concluded that the United States was in "default" because Plaintiff's counsel had not answered any of the questions posed in Mr. Kaminski's earlier motion, notwithstanding Defendants' insistence that "all 'will be deemed to be answered 'YES' by the claimants where not answered 'NO' and substantiated with proof to the contrary.'" *Id.* at 3. Defendants concluded that

> By silence the Plaintiff and its attorneys have acknowledged that the IRC subtitle A does not impose a tax upon income as commonly misconstrued due to misrepresentations propagandized through various forms of media, and that IRC enforcement authority is limited to the recaption [sic] of property possessed by the U.S. Government transferred as an item of "gross income" into the possession of human beings whose conduct is effectively connected with a trade or business within an agency or instrumentality of the U.S. Government (Federal employee) and that the "income" portion of the "gross income" is exempt from levy.

*Id.* at 4.

On May 7, 2008, Mr. and Mrs. Kaminski filed a "NOTICE – Probable Cause & Jurisdiction Lacking Ab Initio; No Just or Legitimate Purpose for the Order of Reference to United States Magistrate Judge; Demand for Summary Judgment of Undisputed Facts by Constitutional Court of Judicial Due Process Excluding Administrative, Maritime or Martial Law Jurisdictions; Tort & Quo Qarranto Action Against Officers of Court Apply if Case No. 06-CV-91511 is Not Dismissed With Prejudice to Plaintiff" (doc. # 23). In support of this submission, the Moving Defendants argued that the "facts" in this case had been "admitted and stipulated by Plaintiff through its attorney's silence to the evidence in our prior affidavits on record in this matter." Once again, the Moving Defendants argued that "not being Federal employees, there is no lawful or legal authority to use IRC subtitle A and F statutes upon us and our property." The Kaminskis closed this motion suggesting that a tort action might follow "where the ORDER OF REFERENCE TO UNITED STATES MAGISTRATE JUDGE is not

cancelled and a SUMMARY JUDGMENT OF UNDISPUTED FACTS is issued along with immediate DISMISSAL WITH PREJUDICE TO THE PLAINTIFF of this Court's Civil Case No. 06-Cv-01511-LTB-CBS."

This court conducted a motions hearing on July 1, 2008. During that hearing, this court acknowledged Judge Babcock's December 20, 2006 Order denying the Kaminskis' motions to dismiss and noted the striking similarity between those motions and Moving Defendants' "Notice of Default by Plaintiffs & 2nd Motion for Judgment on the Pleadings," their "Notice – Probable Cause & Jurisdiction Lacking Ab Initio," and the "Demand for Summary Judgment of Undisputed Facts." I also advised Mr. Kaminski of his obligations under Fed.R.Civ.P. 11. After further discussion, Mr. Kaminski elected to withdraw these motions. During the July 1, 2008 hearing, the court also addressed the matter of discovery. I indicated that Mr. Kaminski's deposition would go forward at the federal courthouse on July 17, 2008.

On July 16, 2008, Mr. Kaminski filed a Motion for Injunctive Relief (doc. # 37), seeking to enjoin the United States from taking any discovery "until the Motion for Summary Judgment Re Application of Statutory Authority has been fully answered by the Court."[3] Mr. Kaminski argued that "discovery is moot where there is a Summary Judgment in my favor." At a hearing on July 17, 2008, I indicated that I would treat Mr. Kaminski's Motion for Injunctive Relief as a motion for protective order under Fed.R.Civ.P. 26(c). After finding that Defendant had not

---

[3]This was not Mr. Kaminski's first attempt to forestall discovery by the United States. On February 8, 2008, Mr. Kaminski filed a "Notice & Demand With Regard to Writings By DOJ Trial Attorney" (doc. # 18), in which he refused to respond to written discovery served by the United States until counsel "bring forth laws enacted by Congress that impose a tax upon one's income and proof that whatever laws he may rely upon are Complaint with constitutional restrictions on taxation and apply to me and my wife, Patsy, and our property."

established good cause for the requested relief, I denied the motion and directed that Mr. Kaminski's deposition proceed as scheduled.

## ANALYSIS

As a threshold matter, it might be useful to explain this court's role with respect to the pending dispositive motions. In the past, the Kaminskis have taken the position that Judge Babcock's Order of Reference to United States Magistrate Judge suggested "intentional abuse of the court's process by officers of the Court." *See* Defendants' Notice – Probable Cause & Jurisdiction Lacking Ab Initio (doc. # 23), at 3. The Moving Defendants have also taken the position that the district court cannot refer their Motion for Summary Judgment to this Magistrate Judge "since a magistrate cannot speak for the Court in matters of law designed to dispose of a case as a matter of law." *See* Defendants' Motion for Proof of Jurisdiction (doc. # 43), at 4.

The Kaminskis may not be completely familiar with the applicable law and the Local Rules for the District of Colorado.[4] Under 28 U.S.C. § 636(b)(1)(B), this court's role with respect to dispositive motions is precisely defined. I am directed to "submit . . . proposed findings of fact and recommendations" for the district court's consideration, and provide a copy

---

[4]Pursuant to the District Court's Local Rules, "upon reference by a district judge, a magistrate judge may . . . hold hearings and make recommendations to the district judge on dispositive matters." *See* D.C.COLO.LCivR 72.1C(3). In the event that a party objects to the recommended disposition of the matter, "[t]he district judge to whom the case is assigned shall make a *de novo* determination upon the record" and may accept, reject or modify the recommendation." *See* Fed.R.Civ.P. 72(b) (emphasis added). *"De novo* review means the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered." *Abordo v. State of Hawaii*, 938 F. Supp. 656, 658 (D. Hawaii 1996) (under *de novo* review, the district judge's obligation is to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which objections are made).

to all parties. The parties have the unfettered right to challenge my findings of fact and recommendation. Most assuredly, Judge Babcock will be the judicial officer deciding the Moving Defendants' Motion for Summary Judgment.

In moving for summary judgment, the Kaminskis have presented several arguments, many of which were raised in their prior filings. This court will address each argument in turn.

First, the Moving Defendants argue that income taxes are a form of direct taxation and, therefore, must be apportioned.[5] According to the Kaminskis, because the Internal Revenue Code does not contain any provisions providing for apportionment, "Congress could not have intended the IRC statutes to apply to income directly or indirectly derived from labor," because "application of IRC subtitle A and F statutes upon income would result in direct taxation that is not in compliance with the U.S. Constitution." *See* Defendants' Motion for Summary Judgment, at 4 and 10. The Kaminskis contend that "where the enforcement of IRC statutes has the result of direct taxation then the courts of the U.S. Government have a duty to disregard form, and consider substance alone." *Id.* at 9. In support of this argument, the Moving Defendants cite *Pollack v. Farmers' Loan & Trust Co.*, 157 U.S. 429 (1895), *opinion vacated on reargument by* 158 U.S. 601 (1895).

The Kaminskis' reliance on *Pollack* is wholly misplaced. The Tenth Circuit addressed that decision's precedential value in *Charczuk v. Commissioner of Internal Revenue*, 771 F.2d 471 (10th Cir. 1985). As the Tenth Circuit explained

> In making his argument that Congress lacks constitutional authority to impose a tax on wages without apportionment among the States, the appellant has chosen to

---

[5]This same argument was raised in Mr. Kaminski's Motion to Dismiss (doc. # 2), at 10, and in his Affidavit (doc. # 2-2), at 3.

> ignore the precise holding of the Court in *Pollack*, as well as the development of constitutional law in this area over the last ninety years. While ruling that a tax upon income from real and personal property is invalid in the absence of apportionment, the Supreme Court explicitly stated that taxes on income from one's employment are not direct taxes and are not subject to the necessity of apportionment. Furthermore, the Sixteenth Amendment to the United States Constitution, enacted in 1913, provides that:
>
>> "The Congress shall have the power to lay and collect taxes on income, from whatever source derived, without apportionment among the several states, and without regard to any census or enumeration."
>
> Finally, in the case of *New York, ex rel. Cohn v. Graves*, 300 U.S. 308, 57 S.Ct. 466, 81 L.Ed. 666 (1937), the Supreme Court in effect overruled *Pollack*, and in so doing rendered the Sixteenth Amendment unnecessary, when it sustained New York's income tax on income derived from real property in New Jersey. Hence, *there is no question* but that Congress has the constitutional authority to impose an income tax upon appellant.

*Id.* at 472-73 (internal citations omitted). *See also United States v. Dawes*, 874 F.2d 746, 751 (10th Cir. 1989) (finding that defendants' reliance on *Pollack* was "without merit"), *error coram nobis granted by* 895 F.2d 1581 (1990); *Lonsdale v. Commissioner of Internal Revenue*, 661 F.2d 71, 72 (5th Cir. 1981) (in rejecting the plaintiffs' reliance on *Pollack*, held that the Sixteenth Amendment eliminated the requirement that a income tax must be apportioned among the several states).

The Moving Defendants alternatively argue that because they are not federal employees, they are not taxpayers within the meaning of the Internal Revenue Code.[6] According to the Kaminskis,

> Uncontradicted evidence presented by Andrew Kaminski in the form of statutes,

---

[6] This same argument was raised in Mr. Kaminski's Motion to Dismiss (doc. # 2), at 5-6 and 13, in Mr. Kainski's Affidavit (doc. # 2-2), at 2-7, and in the Kaminskis' Exception Taken to Opposition by Plaintiff (doc. # 5), at 3-4.

> regulations, and Supreme Court rulings proves that the legislation in [Internal Revenue Code] subtitle A statutes is special law that has no lawful or legal application upon the Kaminskis or their property (income or otherwise). The special laws in [Internal Revenue Code] subtitle A statutes, enforcement of which is authorized under [Internal Revenue Code] subtitle F statutes, apply only to the recaption of public property, entrusted to the U.S. Government, transferred as an item of gross income into the possession of a person employed within an agency or instrumentality of the U.S. Government (Federal employee) in a bailment contract collateral to their employment contract.

*Id.* at 12-13.

This same argument was rejected in *United States v. Hansen*, 2006 WL 4075446 (S.D. Cal. 2006). That court cited several decisions holding that "the [Internal Revenue Code] imposes a tax on all income, wages are income, paying taxes is not voluntary, and paying taxes is not limited to federal enclaves or federal employees." *Id.* at *9. *Cf. Rogers v. Vicuna*, 264 F.3d 1, 6 (1st Cir. 2001) (rejecting as "absurd" plaintiff's argument that the Internal Revenue Service's power to levy only applies to the salary or wages of a federal employee); *United States v. Gonzales*, 951 F.2d 1261 (10th Cir. 1991) (Table) (finding that the district court properly rejected the argument that defendant was not subject to federal taxation because he was not a federal employee); *Boehler v. Snow*, 2006 WL 1582452, *4 (C.D. Ill. 2006) (characterizing as "patently absurd and without any merit" plaintiff's argument that he should not be subject to taxes because he is not a federal employee); *United States v. Williamson*, 2005 WL 3801811, *2 (D. N.M. 2005) (rejecting as "frivolous" and "completely without merit" defendants' argument that the Internal Revenue Code does not apply to them because they were not federal employees), *judgment aff'd*, 244 Fed. Appx. 900 (10th Cir. 2007); *Maxwell v. Leavitt*, 2005 WL 589017, *6 (D.D.C. 2005) (dismissing as a "shopworn argument" plaintiffs' contention that the Internal Revenue Code only applies to federal employees).

Building on the faulty premise that the Internal Revenue Code does not apply to them or to income derived from sources other than the federal government, Mr. and Mrs. Kaminski contend that "all of their property falls under the term 'foreign estate or trust' in 26 U.S.C. § 7701(a)(31) and is not includible in gross income under IRC subtitle A." *Id.* at 9.[7] Extending that argument, the Moving Defendants conclude that

> [a]ny taking of property under the presumption of IRC statutory authority has the result to compel [the Kaminskis] to labor for others against their will; a condition of involuntary servitude called "peonage" prohibited under the Thirteenth Amendment to the U.S. Constitution, addressed in 42 U.S.C. § 1994 and 18 U.S.C. § 1581.

*Id.* at 9.[8]

The latter argument has been raised unsuccessfully in other cases, and the Moving Defendants present no colorable argument that would justify a different result under the facts of this case. *See, e.g., Stanojevich v. United States*, 229 Fed. Appx. 769, 771 (10th Cir. 2007) (rejecting as frivolous the argument that "income tax violates the Thirteenth Amendment's prohibition against involuntary servitude"); *United States v. Alexander*, 33 F.3d 62 (10th Cir. 1994) (Table) (observing that the taxpayers' argument that the Thirteenth Amendment prohibits their taxation was "clearly frivolous"); *Cracchiola v. Commissioner of Internal Revenue*, 643 F.2d 1383, 1385 (9th Cir. 1981) (finding that plaintiffs' Thirteenth Amendment challenge was without merit); *Ginter v. Southern*, 611 F.2d 1226, 1229 n. 2 (8th Cir. 1979) (holding that

---

[7]This same argument was raised in Mr. Kaminski's Motion to Dismiss (doc. # 2), at 10, and in his Affidavit (doc. # 2-2), at 3.

[8]This same argument was raised in Mr. Kaminski's Motion to Dismiss (doc. # 2), at 19-20, in his Affidavit (doc. # 2-2), at 11, and in the Kaminskis' Exception Taken to Opposition by Plaintiff (doc. # 5), at 7.

plaintiffs' Thirteenth Amendment challenge to the Internal Revenue Code was "so frivolous" as to make a detailed analysis unnecessary); *In re Wilbert*, 262 B.R. 571, 578 (N.D. Ga. 2001) (holding that Mr. Wilbert's refusal to comply with the Internal Revenue Code was based on frivolous constitutional arguments, including the argument that taxation is a form of involuntary servitude prohibited by the Thirteenth Amendment); *Lonsdale v. Egger*, 525 F. Supp. 610, 611 (N.D. Tex. 1981) (rejecting plaintiff's contention that the Internal Revenue Code "enslaves taxpayers" in violation of the Thirteenth Amendment).

The Moving Defendants further challenge the government's attempt to reduce tax assessments to judgment and foreclose on federal tax liens on the ground that "application of IRC statutes upon human beings and property not subject thereto could be classified as a 'scheme or artifice to defraud' and any taking of property not subject thereto would constitute a direct violation of due process as declared in regulation 26 CFR 601.106(f)(1)." *Id.* at 11.[9] Once again, the Moving Defendants are asserting an argument that flies in the face of settled case law. For example, the United Supreme Court has held that the Due Process Clause of the Fifth Amendment is not a limitation upon the taxing power of the federal government. *Brushaber v. Union Pacific Railroad Co.*, 240 U.S. 1, 24 (1916). *See also Swallow v. United States*, 325 F.2d 97, 98 (10th Cir. 1963) ("It is now well settled that the income tax laws are not unconstitutional under the due process clause of the Fifth Amendment"). Similarly, the Supreme Court has rejected a Fifth Amendment objection to the requirement to file a federal income tax return. *United States v. Sullivan*, 274 U.S. 259, 263-64 (1927). *Cf. United States v. Brown*, 600 F.2d

---

[9]This same argument was raised in Mr. Kaminski's Motion to Dismiss (doc. # 2), at 15, and in the Kaminskis' Exception Taken to Opposition by Plaintiff (doc. # 5), at 7.

248, 252 (10th Cir. 1979) (holding that the Fifth Amendment cannot be stretched to include a taxpayer who wishes to avoid filing an income tax return). Moreover, "the lawful exercise of the Internal Revenue Services' tax collection powers does not amount to a taking" in violation of the Fifth Amendment. *Fry v. United States*, 72 Fed. Cl. 500, 509 (Fed. Cl. 2006). *Cf. Commonwealth Edison Co. v. United States*, 271 F.3d 1327, 1339 (Fed. Cir. 2001) ("regulatory actions requiring the payment of money are not takings"); *First Atlas Funding Corp. Through Kersting v. United States*, 23 Cl. Ct. 137, 141 (Cl. Ct. 1991) (holding that the filing of a lien, standing alone, does not constitute a taking).

For the foregoing reasons, I recommend that Defendants Andrew and Patsy Kaminski's Motion for Summary Judgment Re Application of Statutory Authority (doc. # 38), filed on July 16, 2008, be DENIED.

The Kaminskis have also filed a Motion for Proof of Jurisdiction & Suspension of Further Proceedings (doc. # 43). For the most part, this Motion simply reiterates the same flawed arguments that are advanced in their Motion for Summary Judgment. No further refutation of those arguments is necessary. However, the Motion for Proof of Jurisdiction also asks that the district court "sua sponte establish its jurisdiction in Case No. 06-CV-01511-LTB-CBS, and suspend further proceedings until jurisdiction has been fully addressed and adjudicated." *See* Defendants' Motion for Proof of Jurisdiction, at 1.[10] To the extent that the Moving Defendants are challenging the district court's jurisdiction over them or the subject matter of this action, I will address those issues.

---

[10]Defendants' demand seems at odds with their earlier acknowledgment that the district court has "the authority (jurisdiction) . . . to enforce federal tax liens." *See* Defendants Exception Taken to Opposition by Plaintiff, at 3.

As noted previously, the United States in this action has invoked subject matter jurisdiction under 26 U.S.C. § 7402, which provides, in pertinent part, that "the district courts of the United States at the instance of the United States shall have such jurisdiction . . . to render such judgments and decrees as may be necessary or appropriate for the enforcement of the interval revenue laws" 26 U.S.C. § 7402(a). The district court also has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1340 and 1345.[11] The United States has properly alleged jurisdiction under pertinent statutes, thereby vesting the district court with subject matter jurisdiction over this action to reduce federal tax assessments to judgment and to foreclose tax liens against the subject property. *Cf. United States v. Dawes*, 161 Fed. Appx. 742, 745 (10th Cir. 2005).

The Moving Defendants' attack on personal jurisdiction is equally unpersuasive. The Kaminskis apparently concede that they are residents of Colorado, as each of their filings reflects an address in Aurora, Colorado. The Moving Defendants also describe the subject property as their "homestead." *See* Exception Taken to Opposition by Plaintiff, at 5. Colorado residency is sufficient to establish the district court's personal jurisdiction over Mr. and Mrs. Kaminski. *Cf. United States v. Foster*, 1997 WL 685371, *7 (D. Minn. 1997) (holding that the District Court for the District of Minnesota had personal jurisdiction over the defendants given their status as residents of the State of Minnesota). *See also United States v. Stoecklin*, 848 F. Supp. 1521, 1526 (M.D. Fla. 1994) (holding that the district court had personal jurisdiction over the

---

[11]Section 1340 states that the "district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue." Section 1345 provides that "except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States or by any agency or officer thereof expressly authorized to sue by Act of Congress.

defendant, notwithstanding the tax protestor's claim that he was not a "federal subject," but rather a "free citizen" of the republic of Florida). In sum, I find that the district court has both subject matter jurisdiction over this action and personal jurisdiction over the Moving Defendants. To the extent that the Kaminskis' Motion for Proof of Jurisdiction (doc. # 43) challenges the district court's jurisdiction, I recommend that it be DENIED.

Finally, the Moving Defendants have moved for a Suspension of Further Proceedings (doc. # 43), arguing that all proceedings in this case should be suspended "including, but not limited to, discovery and trial, until the matter of IRS and Court jurisdiction has been fully addressed and adjudicated, including any appeal that might become necessary for justice to be on record." As this request does not seek dispositive relief, but rather is directed to pretrial management and scheduling, I have the authority under 28 U.S.C. § 636(b) to decide this motion.[12]

Certainly, the court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). A stay may often be appropriate if a dispositive motion has been filed that could resolve the case. *See, e.g., Simpson v. Speciality Retail Concepts, Inc.*, 121 F.R.D. 261 263 (M.D.N.C. 1988). In this case, however, a stay would simply reward the Moving Defendants for filing motions that are plainly without merit. Mr. Kaminski has repeatedly attempted to avoid complying with his discovery obligations by reiterating the same legal arguments that were rejected with the district court's

---

[12]The Order of Reference to United States Magistrate Judge (doc. # 20) issued in this case authorizes this court to "issue such orders necessary for compliance with the scheduling order" and "hear and determine pretrial matters, including discovery and other non-dispositive motions."

15

Order of December 20, 2006.[13]  Such stalling tactics must come to an end.  As there is no of good cause, Defendants' Motion  for Suspension of Further Proceedings is DENIED.

In closing, this court would remind the Moving Defendants that heartfelt advocacy will not camouflage or excuse frivolous arguments.  As another court has noted, "[a] taxpayer may well have the right to proceed *pro se*, although there are risks involved in so proceeding, the most obvious risk being that his case will not be adequately presented."  *Allen v. Cantrell*, 1978 WL 1258, *5 (D. Kan. 1978).  The Kaminskis have raised the same futile arguments in successive filings, notwithstanding Judge Babcock's earlier Order denying their motions to dismiss and the overwhelming weight of case law.  Under Fed.R.Civ.P. 11, the district court has the power to award sanctions against a party who files motions or other papers that are not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."  *Cf. Jacob v. United States*, 46 F.3d 1151 (10th Cir. 1995); *LaRue v. United States*, 959 F. Supp. 959, 962 (C.D. Ill. 1997).  The Kaminskis should also be aware that sanctions may be imposed if a party does not comply with their discovery obligations under the Federal Rules of Civil Procedure.  *See* Fed.R.Civ.P. 37(d).

## CONCLUSION

---

[13]This same pattern continues with Mr. Kaminski's Notice Regarding Interrogatories & Production of Document (doc. # 44), filed on July 28, 2008.  In that filing, Mr. Kaminski indicates that he will "respectfully decline" to respond to written discovery "until my jurisdictional challenges have been fully answered with a final determined (sic) by this Court, and this matter has run its course through higher courts if such need arises."

ACCORDINGLY, for the foregoing reasons, this court recommends that:

1.      Defendants Andrew and Patsy Kaminski's "Motion for Summary Judgment Re Application of Statutory Authority" (doc. # 38), filed on July 16, 2008, be DENIED; and that

2.      Defendants Andrew and Patsy Kaminski's "Motion for Proof of Jurisdiction" & Suspension of Further Proceedings" (doc. # 43), filed on July 28, 2008, be DENIED.

FURTHER, IT IS ORDERED that Defendants Andrew and Patsy Kaminski's Motion for "Suspension of Further Proceedings" is DENIED. The Defendants are hereby directed to comply with their discovery obligations under the applicable Federal Rules of Civil Procedure.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 2nd day of September, 2008.

BY THE COURT

s/Craig B. Shaffer
United States Magistrate Judge