IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01511-PAB-CBS

UNITED STATES OF AMERICA,
        Plaintiff,
v.

ANDREW KAMINSKI, individually and as Trustee of LLVY Trust;
PATSY KAMINSKI, individually and as Trustee of SPKR Trust;
COLORADO DEPARTMENT OF REVENUE;
GE CAPITAL MORTGAGE SERVICES, INC.;
WELLS FARGO HOME MORTGAGE, INC.;
HAROLD E. KIRKEGAARD;
TOM H. CONNOLLY, as Chapter 7 Trustee of the Bankruptcy Estate of Patsy Y.
Kaminski, and
TRUST COMPANY OF AMERICA, a Colorado corporation,
        Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on the "Motion to Dismiss Amended

Complaint (By Andrew Kaminski as Trustee of the LLVY Trust)" (filed October 17, 2008)

(doc. #72), and the "Motion to Dismiss Amended Complaint (By Patsy Kaminski as Trustee

of the SPKR Trust)" (filed October 17, 2008) (doc. #73).  Pursuant to the Order of

Reference dated April 22, 2008 (doc. #20), the Order of Reference dated November 20,

2008 (doc. #86), and the Amended Order of Reference dated January 8, 2009 (doc. #97),

this matter was referred to the Magistrate Judge.  The court has reviewed the Motions, the

"United States' Response to Motion to Dismiss of Andrew Kaminski as Trustee of LLVY

Trust" (filed November 5, 2008) (doc. #78), the "United States' Response to Motion to

1

Dismiss of Patsy Kaminski as Trustee of SPKR Trust" (filed November 5, 2008) (doc. #79), the "Reply to United States' Response to Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (By Andrew Kaminski as trustee of the LLVY Trust)" (filed November 21, 2008) (doc. #87), the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises.

I.      Statement of the Case

Plaintiff United States of America filed the instant action on August 2, 2006, and subsequently filed an Amended Complaint on August 15, 2008, naming as defendants Andrew Kaminski as Trustee of LLVY Trust and Patsy Kaminski as Trustee of SPKR Trust. (*See* doc. #52).   On November 18, 2008, the United States filed a Motion to File Second Amended Complaint to additionally name the Trust Company of America as a defendant. (*See* doc. #81).   The court granted the United States' Motion to File Second Amended Complaint on January 13, 2009 (doc. #98). Thus, the relevant pleading is the "Second Amended Complaint to Reduce Federal Tax Assessments to Judgment and Foreclose Federal Tax Liens" (filed November 18, 2008) (doc. #81-2).

The United States seeks to reduce federal tax assessments to judgment and to foreclose the federal tax liens against Defendant Andrew Kaminski on certain real property located at 16570 East LaSalle Place, Aurora, Colorado, 80013.   (*See* doc. #81-2). Defendant Andrew Kaminski allegedly resides at the real property described above with Defendant Patsy Kaminski.   (*See* doc. #81-2 at p. 2 of 10).   The United States alleges that Defendant Andrew Kaminski has both a beneficial interest and an interest of record in the real property, and the United States seeks to foreclose its liens.   (*See* doc. #81-2 at p. 2

of 10). The United States also names Patsy Kaminski as a Defendant because she allegedly has or may claim an interest in the real property. (*See* doc. #81-2 at p. 2 of 10). The LLVY and SPKR Trusts are named as Defendants, through Trustees Andrew and Patsy Kaminski, and each Trust is allegedly the record title holder of a one-half undivided interest in the property upon which the United States seeks to foreclose its liens. (*See* doc. #81-2 at p. 2 of 10).

Defendants Andrew Kaminski (as Trustee of the LLVY Trust) and Patsy Kaminski (as Trustee of the SPRK Trust) ("Defendants") allege that the United States' Second Amended Complaint does not contain an exhaustive list of persons that claim or may claim an interest in the real property described above, as required by 26 U.S.C. § 7403(b). Specifically, Defendants argue that the Trust Company of America may hold a fiduciary role or some interest in the property, and that it should have been made a party to the United States' claim. Defendants also allege that the Public Trustee of Arapahoe County, Colorado should have been made a party to the claim because of the Public Trustee's alleged interest in the real property. Because of these alleged failures, Defendants request that the Second Amended Complaint be dismissed. (*See* doc. #72 at p. 1-3 of 4; *see also* doc. #73 at p. 1, 2 of 2).

II.    Analysis

First, Defendants' Motions are moot as to the Trust Company of America because the court granted Plaintiff's Motion to File Second Amended Complaint on January 13, 2009, allowing the Trust Company of America to be added as a party (doc. #98).

"The IRS Code provides that in an action brought to foreclose on a delinquent

3

taxpayer's property, any person having interest in the property must be joined in the action." *United States v. Sweeny*, 418 F.Supp.2d 492, 499 (S.D.N.Y. 2006) (citation omitted). However, courts have flexibly applied this standard and retained discretion regarding whether a party is vitally interested and thus truly indispensable to the claim. *See generally id.* at 499-500 (noting that the district court has discretion in considering whether a party is indispensable). The Office of Public Trustee in the State of Colorado is created by statute, and such Trustees have limited, statutorily-proscribed duties including performing foreclosures pursuant to § 38-38-101. *See* Colo. Rev. Stat. § 38-37-101 (describing the creation of the office of Public Trustee); Colo. Rev Stat. § 38-38-101 (describing Trustees' performance of foreclosures). Defendants cite no authority or facts demonstrating that the Public Trustee has an interest in the aforementioned real property for purposes of a claim under 16 U.S.C. § 7403(b), and that she therefore must be named as a defendant in the claim. Accordingly, the Public Trustee need not be named as a defendant.

Finally, even if the court was to strictly apply § 7403(b), the court's research does not reveal any authority to support Defendants' contention that dismissal of the Plaintiff's entire claim is required when the Plaintiff fails to name a party as a defendant who may claim an interest in real property. *See generally United States v. Scarboro*, 352 F.Supp.2d 714, 717 (E.D. Va. 2005) (noting that even if the government has impermissibly failed to join a party in a proceeding, the failure does not warrant dismissal).

Accordingly, IT IS RECOMMENDED that Defendants' "Motion to Dismiss Amended Complaint (By Andrew Kaminski as Trustee of the LLVY Trust)" (filed October 17, 2008) (doc. #72) and "Motion to Dismiss Amended Complaint (By Patsy Kaminski as Trustee of

4

the SPKR Trust)" (filed October 17, 2008) (doc. #73) be DENIED.


**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the Magistrate Judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyo. Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to

appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 13th day of February, 2009.

BY THE COURT:


  s/Craig B. Shaffer        
United States Magistrate Judge