IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 06-cv-01511-PAB-CBS

UNITED STATES OF AMERICA,
    Plaintiff,
v.

ANDREW KAMINSKI, individually and as Trustee of LLVY Trust;
PATSY KAMINSKI, individually and as Trustee of SPKR Trust;
COLORADO DEPARTMENT OF REVENUE;
GE CAPITAL MORTGAGE SERVICES, INC.;
WELLS FARGO HOME MORTGAGE, INC.;
HAROLD E. KIRKEGAARD;
TOM H. CONNOLLY, as Chapter 7 Trustee of the Bankruptcy Estate of Patsy Y. Kaminski, and
TRUST COMPANY OF AMERICA, a Colorado corporation,
    Defendants.

## ORDER FOR ENTRY OF PARTIAL JUDGMENT

This civil action comes before the Court on the "Joint Unopposed Motion for 1) Entry of Judgment Against Andrew Kaminski, and 2) Dismissal Without Prejudice, of the United States' Claim for Foreclosure Against All Parties," filed on October 14, 2009 by plaintiff United States of America and defendant Andrew Kaminski individually and as Trustee of the LLVY Trust and defendant Patsy Kaminski individually and as Trustee of the SPKR Trust.  *See* Joint Unopposed Mot. for 1) Entry of J. Against Andrew Kaminski, and 2) Dismissal Without Prejudice, of the United States' Claim for Foreclosure Against All Parties [Docket No. 158] ("Mot. for Entry of J.").  The Court has reviewed the Motion, the entire case history and case file, and the applicable law, and is sufficiently advised in the premises.

### A. Defendant Andrew Kaminski, individually and as Trustee of the LLVY Trust and Defendant Patsy Kaminski, individually and as Trustee of the SPKR Trust

Plaintiff United States of America filed the original complaint on August 2, 2006, filed an amended complaint on August 15, 2008, and filed a second amended complaint on January 13, 2009. *See* Second Am. Compl. to Reduce Federal Tax Assessments to J. and Foreclose Federal Tax Liens [Docket No. 100] ("Second Am. Compl."). The second amended complaint names as defendants, among others, Andrew Kaminski, individually and as Trustee of LLVY Trust, and Patsy Kaminski, individually and as Trustee of SPKR Trust. *See* Second Am. Compl. In two claims, the United States seeks to reduce federal tax assessments to judgment and to foreclose federal tax liens against defendant Andrew Kaminski on residential real property located at 16570 East LaSalle Place, Aurora, Colorado, 80013 ("the Real Property"). *See* Second Am. Compl. The second amended complaint names Ms. Kaminski because she has an interest of record and may claim an interest in the Real Property. Second Am. Compl. at 2. The LLVY and SPKR Trusts are named as defendants, through Trustees Mr. and Ms. Kaminski, since each Trust is allegedly the title holder of a one-half undivided interest in the Real Property upon which the United States seeks to foreclose its liens. *See* Second Am. Compl.

The United States has reached a settlement with defendants Andrew and Patsy Kaminski regarding the United States' claim to reduce to judgment federal income tax assessments made against Andrew Kaminski, whereby judgment would be entered against Andrew Kaminski, individually, in the amount of $33,658.00, plus interest as

provided by 28 U.S.C. § 1961(c)(1) and 26 U.S.C. § 6621 to begin July 31, 2009. Payments on this liability would be made in amounts of at least $1,000 per month, with the first payment being due December 1, 2009, and with the total amount of the liability being paid in three years.  Should Mr. Kaminski not make timely payments as described above, the United States, after 30 days notice and right to cure, would be able to sell the Real Property pursuant to an Order of Foreclosure and Decree of Sale free and clear of any claims of Andrew Kaminski or Patsy Kaminski individually or as Trustees of the LLVY and SPKR Trusts. *See* Mot. for Entry of J., ex. A ([Proposed] Order of Foreclosure and Decree of Sale) (not to be executed at this time, but only upon motion from the United States to reopen and enforce the settlement agreement, as necessary). As the United States has agreed to refrain from pursuing foreclosure of its tax liens on the Real Property at this time, under the United States' settlement with the Kaminskis, the Court need not retain jurisdiction over Count Two, the United States' foreclosure claim.

### B.  Defendant Chapter 7 Trustee Tom H. Connolly

On January 12, 2007, Ms. Kaminski filed a voluntary Chapter 7 bankruptcy petition in the Bankruptcy Court for the District of Colorado – Case No. 07-10243-SBB – in which she claimed a homestead exemption in her life estate in the Real Property. *See* Aff. of Patsy Kaminski [Docket No. 121] at 3 ¶ 9.  Defendant Chapter 7 Trustee Tom H. Connolly has objected to her homestead exemption claim in Bankruptcy Court. *See* Aff. of Tom H. Connolly [Docket No. 135-3] at 2 ¶ 3, 3-6.  On November 14, 2007, the Chapter 7 Trustee also filed Adversary Proceeding No. 07-1710-SBB in Bankruptcy

Court pursuant to 11 U.S.C. § 544 and § 548, seeking to avoid the conveyance by Ms. Kaminski to the SPKR Trust of a remainder interest in the Real Property in which Ms. Kaminski claims a homestead exemption and to recover the transfer pursuant to 11 U.S.C. § 550.  The Chapter 7 Trustee is named as a defendant in the second amended complaint because he has claimed an interest in the Real Property in his capacity as Trustee.  On February 2, 2009, the Chapter 7 Trustee filed crossclaims in this action against Ms. Kaminski and the SPKR Trust. [Docket No. 104].  On February 23, 2009, Ms. Kaminski filed a crossclaim in this action against the Chapter 7 Trustee, seeking a homestead exemption in the Real Property pursuant to Colo. Rev. Stat. § 38-41-201 in the amount of $ 90,000.00 [Docket No. 111].  Ms. Kaminski's and the Chapter 7 Trustees crossclaims [Docket Nos. 65, 108, 111] are not disposed of by the joint motion for entry of judgment presently before the Court.  However, the Chapter 7 Trustee does not object to the parties' joint motion for entry of judgment.  Therefore, going forward this case shall proceed only as to the crossclaims of defendant Chapter 7 Trustee Tom H. Connolly and defendant Patsy Kaminski.[1]

### C.  All Other Defendants

Defendant Colorado Department of Revenue disclaimed any interest in this action on October 10, 2006.  *See* Colorado Department of Revenue's Disclaimer [Docket No. 6].  Defendant Wells Fargo Home Mortgage, individually and as the successor in interest for defendant GE Capital Mortgage Services, Inc., sought and

---

[1] The Recommendation of United States Magistrate Judge Craig B. Shaffer [Docket No.162] on Ms. Kaminski's motions for partial summary judgment [Docket No. 120] against the Chapter 7 Trustee remains pending.

4

received leave not to participate further in this action, as its interest in the Real Property has been established by a stipulation previously entered with the United States [Docket Nos. 15, 63].  Defendant Kirkegaard claims an interest in the Real Property by way of a $10,000.00 loan made to Mr. Kaminski, secured by a deed of trust dated August 9, 1994 and recorded against the Real Property on April 24, 1996 [Docket No. 130 at 9-12].  Defendant Trust Company of America holds the beneficial interest of the deed of trust of Harold Kirkegaard in an Individual Retirement Account for Harold Kirkegaard [Docket No. 123].  While there remains a priority dispute regarding the United States' and defendant Harold Kirkegaard's claims to the Real Property [Docket Nos. 115-119, 130, 137], this dispute need only be addressed if the United States moves to reopen and enforce the settlement agreement and for entry of the Order of Foreclosure and Decree of Sale.  Neither defendant Kirkegaard nor defendant Trust Company of America objects to the parties' joint motion for entry of judgment.

    Accordingly, it is

    **ORDERED** that the October 14, 2009 memorandum [Docket No. 159] referring the joint motion for entry of judgment [Docket No. 158] to Magistrate Judge Craig B. Shaffer is WITHDRAWN.  It is further

    **ORDERED** that the joint motion for entry of judgment [Docket No. 158] is GRANTED.  Pursuant to Federal Rule of Civil Procedure 54(b), the Court determines that "there is no just reason for delay."  Therefore, judgment on the United States' first claim (to reduce tax assessments against Andrew Kaminski to judgment) in the second amended complaint [Docket No. 100] is entered against Andrew Kaminski, individually,

in the amount of $33,658.00, minus any credits to be applied, plus interest as provided by 28 U.S.C. §1961(c)(1) and 26 U.S.C. § 6621, to begin July 31, 2009, with each party to bear his or its own costs and attorney fees.  Furthermore, claim two (to foreclose federal tax liens against real property of Andrew Kaminski) in the second amended complaint [Docket No. 100] is DISMISSED without prejudice, subject to reopening and enforcement of the settlement agreement as necessary, should the United States inform the Court that Andrew Kaminski, individually, has not complied with the terms of the settlement.  It is further

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 54(b), this civil action shall proceed only as to the crossclaims between defendant Chapter 7 Trustee Tom H. Connolly and defendant Patsy Y. Kaminski, individually.  It is further

**ORDERED** that the Status Conference before Magistrate Judge Shaffer set for December 7, 2009 at 9:15 a.m. in Courtroom A-402, Fourth Floor of the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, 80294 shall proceed as scheduled as to the two remaining parties.  It is further

**ORDERED** that the United States' motion for summary judgment [Docket No. 115] is DENIED as moot.

DATED November 30, 2009.

> BY THE COURT:
>
> s/Philip A. Brimmer
> PHILIP A. BRIMMER
> United States District Judge